IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-67,100-05






EX PARTE ROBERT EUGENE BROWN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. C-4-008863-1150019-A IN CRIMINAL DISTRICT COURT NO. 4 


FROM TARRANT COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance and sentenced to 12 months' confinement. He did not appeal his conviction. 

 Applicant alleges that counsel showed "no interest in case" and only sought a plea bargain
agreement. Specifically, Applicant alleges that counsel failed to advice him of a plea offer for 7-months confinement which the State made before trial. Further, counsel failed to show up for a
scheduled court date.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d) to resolve the fact issues. 
In the appropriate case, the trial court may rely on its personal recollection. Id. The trial court shall
order counsel to file an affidavit addressing: (1) whether counsel investigated the facts and law in
the case; (2) whether counsel informed Applicant of the 7-month plea offer which the State made
pre-trial, and, (3) whether counsel came to all scheduled court appearances. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that counsel was ineffective. Specifically, the trial court shall make findings of fact as to
whether counsel investigated the facts and law in the case. The trial court shall also make findings
of facts as to whether counsel informed Applicant of the 7-month plea offer which the State made pre-trial. The trial court shall also make findings of fact as to whether counsel came to all scheduled court
appearances. The trial court shall also make any other findings of fact and conclusions of law that
it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be
returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: October 21, 2009

Do not publish